UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN POWELL | * |
| | * |
| | *   CASE NO.: 3:16-CV-00242-JJB-EWD |
| VERSUS | * |
| | * |
| | * |
| MEDTRONIC, INC., ET AL. | * |
| | * |

### TEMPORARY RESTRAINING ORDER

A telephonic hearing on Plaintiff's Motion for Temporary Restraining Order ("the Motion") in the above-entitled matter was held before the undersigned United States District Judge on Tuesday, April 19, 2016 at 3:30 p.m.

Thomas J. McGoey II appeared on behalf of Plaintiff Stephen Powell.

Eric Miller and Shannon Hampton Sutherland appeared on behalf of Intervenor K2M, Inc.

Matthew Bailey and Kelly Juneau Rookard appeared on behalf of Defendants. William Z. Pentelovitch, Sarah Horstmann, and Erica Holzer appeared by special leave of court *pro hac vice* on behalf of Defendants.

Having considered the Motion filed herein on behalf of Plaintiff, Stephen Powell ("Plaintiff"), the arguments of counsel, the evidence in the record, and the applicable law; and the Court being satisfied that:

1. Plaintiff's counsel provided notice of the Motion to Defendants' counsel pursuant to Federal and Local Rule 65;

2. Plaintiff's counsel and Defendants' counsel appeared and presented argument to the Court at a telephonic hearing held by the Court on April 19, 2016 at 3:30 p.m.;

3. La. Rev. Stat. § 23:921(A)(2) provides:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

4. Plaintiff is a resident of Louisiana;

5. Plaintiff is and was, at all relevant times, a Louisiana employee;

6. Plaintiff will suffer immediate and irreparable harm before notice can be served and a hearing had on Plaintiff's application for a preliminary injunction due to Defendants' *ex parte* and other efforts to enforce the choice of forum, choice of law, non-competition, and non-solicitation provisions in Plaintiff's Employment Agreement in violation of La. Rev. Stat. § 23:921 by filing suit in other jurisdictions and seeking injunctive relief against Plaintiff proceeding with this first-filed action; and

7. Defendants' oral request for the specific limitation on Plaintiff's business activities on behalf of K2M, set forth below, pending the preliminary injunction hearing set below is reasonable;

1. **IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., their respective officers, agents, servants, employees, attorneys, and anyone else acting in concert with the aforementioned individuals (including, but not limited to, Medtronic Sofamor Danek, Inc.), hereby are temporarily restrained, enjoined, and prohibited:

-3-

(a) from appearing; filing any pleadings, motions, or other papers; seeking or obtaining any order, ruling, or relief; or proceeding in any manner with the action styled *Medtronic, Inc., et al. v. Stephen Powell, et al.*, originally filed as Civil Action No. 02-CV-16-1617, in the Tenth Judicial District Court, Anoka County, State of Minnesota, and subsequently removed to the United States District Court for the District of Minnesota and docketed as Civil Action No. 0:16-cv-00918-JNE-TNL (the "Minnesota Action"), or any other similar action heretofore filed or contemplated to be filed in the future against Plaintiff or K2M, Inc. ("K2M");

(b) from enforcing or attempting to enforce the choice of forum, choice of law, non-competition, or non-solicitation provisions contained in Sections 4.1, 3.6, and 7.1-7.4 of Plaintiff's Employment Agreement, or asserting any claims arising out of or related to that Employment Agreement, outside of the proceedings currently pending before this Court; and

(c) from taking any action that directly or indirectly restricts, limits, or interferes in any way with this Court's jurisdiction over the claims which have been asserted by Plaintiff and/or K2M in this lawsuit, or which otherwise arise out of or relate in any way whatsoever to Plaintiff's prior employment with Medtronic Sofamor Danek USA, Inc. or his current employment with K2M.

2. **IT IS FURTHER ORDERED** that Plaintiff is temporarily restrained, enjoined, and prohibited from soliciting, selling to, or supporting the sale of K2M's products to any MEDTRONIC CUSTOMER to whom or to which Plaintiff sold, negotiated the sales, supported, marketed, or promoted products or services on behalf of Medtronic during the last one (1) year in which Plaintiff was employed by Medtronic Sofamor Danek USA, Inc. As used in this Order, "MEDTRONIC CUSTOMER" shall be defined as it is in the Medtronic Employee Agreement signed by Plaintiff; and

-4-

3. **IT IS FURTHER ORDERED** that Intervenor K2M is temporarily restrained, enjoined, and prohibited from utilizing Plaintiff Powell to solicit, sell to, or support the sale of Intervenor K2M's products to any MEDTRONIC CUSTOMER to whom or to which Plaintiff Powell sold, negotiated the sales, supported, marketed, or promoted products or services on behalf of Medtronic during the last one (1) year in which Plaintiff Powell was employed by Medtronic Sofamor Danek USA, Inc.

4. **IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction is set for hearing before the Honorable James J. Brady, United States District Judge for the Middle District of Louisiana, at 10:00 a.m. on Wednesday, May 4, 2016 in Courtroom 1.

5. **IT IS FURTHER ORDERED** that this temporary restraining order shall be in effect through Wednesday, May 4, 2016, at the conclusion of the Court's preliminary injunction hearing, as Defendants have consented to the extension beyond the normal fourteen-day period allowed under Fed. R. Civ. Proc. 65(b)(2).

6. **IT IS FURTHER ORDERED** that, in light of the parties' agreement to waive the security requirement of Rule 65(c) of the Federal Rules of Civil Procedure for purposes of the obligations imposed on both Plaintiff and Defendants in this Order, no party is required to post security in connection with this Order.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, on this 19th day of April, 2016, at 4:00 p.m.

_____
**HONORABLE JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**